IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS, | No. C 08-0521 WHA (PR) |
| Plaintiff, | **ORDER RE. DISCOVERY** |
| v. | |
| A.K. SCRIBNER; et al., | |
| Defendants. | |

In this prisoner's pro se civil rights action under 42 U.S.C. § 1983, one defendant (i.e., Munoz) has been served with process and efforts are underway to serve process on the two other remaining defendants (i.e., Epstein and Melo). The matter is now before the court for consideration of two related motions. Defendant Munoz filed a motion for a protective order, asking that all discovery be stayed because the court had not screened the amended complaint, defendant had not filed his responsive pleading, and court had not issued a discovery and scheduling order. Plaintiff filed a "motion for special order," in which he urged, without any evidentiary support, that defendant's request for a protective order suggested to him that "defendant is anticipating the manipulation of records, files and papers resulting from said discovery; otherwise, there would be no legal purpose for defendant requesting to stay discovery." Motion For Special Order, p. 1. He requested the court to issue a special order directing defendants to produce the originals of every document. Plaintiff also requested an

1   opportunity to "respond to any court order(s) in favor of the defendants." Id. at 2.

2         Defendant's motion for a protective order is DENIED as moot. (Docket # 20.) After
3   defendant's motion was filed, the court screened the amended complaint. The court ordered
4   service on two additional defendants and set a briefing schedule for dispositive motions.
5   (Docket # 21.) This action is exempt from the requirement of initial discovery disclosures and
6   the filing of reports regarding same. See Fed. R. Civ. P. 26(a)(1)(B)(iv); E. D. Cal. Local Rule
7   240(b). In light of the exemptions, the court will not hold a status conference for the purposes
8   of entering a pretrial scheduling order at this time. See Fed. R. Civ. P. 16(b)(1); E. D. Cal.
9   Local Rule 240(c)(8). Discovery now may be taken in accordance with the Federal Rules of
10  Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
11  Local Rule 240 is required before the parties may conduct discovery.

12        Plaintiff's motion for a special order for production of documents is DENIED. If
13  plaintiff wants discovery from the defendants, he must engage in the discovery procedures
14  allowed by Federal Rules of Civil Procedure 26-37. The court does not conduct discovery on
15  behalf of litigants. If plaintiff uses the discovery procedures allowed by Federal Rules of Civil
16  Procedure and is dissatisfied with the responses to his requests, he then may file a motion to
17  compel, but is cautioned that any such motion must comport with Eastern District of California
18  Local Rule 251, which requires, among other things, that the parties confer to try to resolve
19  their discovery disputes before any discovery motion is filed.

20        Finally, plaintiff has requested that he be provided an opportunity to respond to any
21  court order in favor of the defendants. His request reflects a basic misunderstanding of the
22  normal process of decision-making. The normal process for parties to argue motions/requests is
23  a 3-step process: (1) the party who wants something from the court files a motion, (2) the
24  opponent files an opposition or statement of non-opposition to that motion, and (3) the party
25  who filed the motion files a reply in support of his motion. The court then considers the matter
26  and issues an order. Absent unusual circumstances, once the order is issued, it is too late for a
27  party to submit additional argument or a "response" as plaintiff has requested. Therefore, if
28  plaintiff wants the court to consider his arguments, he must make them in his opposition to a

1   motion, and not after the court has issued its order on that motion.

2   **IT IS SO ORDERED.**

3   Dated:   January 8, 2009   .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE