United States District Court
For the Eastern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCAS, | No. C 08-0521 WHA (PR) |
| Plaintiff, | **ORDER ON MISCELLANEOUS MOTIONS AND REFERRING CASE TO MEDIATION** |
| v. | |
| A.K. SCRIBNER; et al., | |
| Defendants. | |

In this prisoner's pro se civil rights action under 42 U.S.C. § 1983, all three remaining defendants now have appeared. This action is before the court for consideration of several motions and miscellaneous matters. Defendants have moved for protective order regarding discovery, defendants have moved for an extension of time to respond to the amended complaint, and plaintiff has moved for an order compelling defendants to consider alternative dispute resolution.

Defendants' motion for a protective order, filed on February 19, 2010, is DENIED. (Docket # 33.) In their motion, defendants contend a protective order is needed because the court "has not entered a discovery and scheduling order in this matter." Motion, p. 3. Defendants are wrong on the facts. The Order Re. Discovery issued on January 8, 2010, authorized discovery to commence and explained that the court would not hold a status conference for the purposes of entering a pretrial scheduling order at this time. See Order Re. Discovery, p. 2. (Docket # 24.) Nonetheless, because the court is referring this case to

mediation, the court now STAYS all discovery until further order of the court or 30 days after the mediation concludes, whichever occurs first.

Plaintiff lodged with the court his first set of interrogatories to defendants on February 4, 2010. (Docket # 32.) Plaintiff is cautioned that discovery requests and responses should not be sent to the court as part of routine discovery. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

Defendant Munoz moved for an extension of time to respond to the amended complaint.[1] Defendants Epstein and Melo later requested to join that motion for an extension of time. Upon due consideration, the request to join the motion and the motion for an extension of time to respond to the amended complaint are GRANTED. (Docket # 26, # 34.) As mentioned below, this action is being referred to the pro se prisoner mediation program. The court will wait to see what happens in the mediation to determine whether and when to order defendants to file a response to the amended complaint.

Plaintiff's motion for an order directing defendants to consider an alternative dispute resolution is GRANTED in part. (Docket # 25.) The state law provisions that plaintiff relied on in his motion are unpersuasive because the California Code of Civil Procedure does not govern the conduct of cases in federal courts and California Business and Professions Code § 465 imposes no obligations on parties in federal court to pursue alternative dispute resolution. Nonetheless, in light of plaintiff's interest and the nature of the case, it appears that this case is a good candidate for mediation.

---

[1] A mistake at the courthouse has led to some confusion about whether the extension already was granted. An order granting an extension of time in another case had the other case's name but had this case's number on it and was filed in the case file for this case twice. See Docket # 27, # 29. The clerk then entered a notice of docket correction to disregard those orders because they had been docketed in error. See Docket # 30.

Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within **90 days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings. The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of the amended complaint, exhibits thereto and the orders in this case.

**IT IS SO ORDERED.**

Dated:   May 7, 2010   .

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE