UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWAYNE LUCAS                                    No. C 08-0521 WHA (PR)

       Plaintiff,                              **ORDER OF DISMISSAL**

   v.

A.K. SCRIBNER; et al.,

       Defendants.

_____/

**INTRODUCTION**

Dwayne Lucas, an inmate currently incarcerated at Kern Valley State Prison in Delano, California, filed this pro se civil rights action under 42 U.S.C. § 1983 in which he claims that his Eighth Amendment right to be free from cruel and unusual punishment was violated.  Defendants have moved to dismiss the action on the ground that Plaintiff did not exhaust administrative remedies before filing this action.  For the reasons discussed below, the motion will be granted and the action will be dismissed for non-exhaustion of administrative remedies.

**BACKGROUND**

Plaintiff claims that he was subjected to the use of excessive force on May 23, 2005 by defendants sergeant Munoz, officer L.C. Epstein, and lieutenant Melo.  On April 16, 2008, Plaintiff filed his initial complaint, which the court found stated a cognizable claim against defendant Munoz only.  On July 13, 2009, Plaintiff filed an amended complaint, which the court found stated a cognizable claim against Munoz, Epstein, and Melo for a violation of Plaintiff's Eighth Amendment rights.

1   Defendants move to dismiss on the ground that plaintiff did not comply with the

2   requirement that he exhaust administrative remedies before he filed this action.  Plaintiff

3   opposes the motion, contending that he exhausted administrative remedies.

4   **DISCUSSION**

5   A.   Exhaustion of Administrative Remedies Requirement

6   "No action shall be brought with respect to prison conditions under [42 U.S.C. §

7   1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

8   correctional facility until such administrative remedies as are available are exhausted."  42

9   U.S.C. § 1997e(a).

10   The State of California provides its inmates and parolees the right to appeal

11   administratively "any departmental decision, action, condition, or policy which they can

12   demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15,

13   § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging

14   misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available

15   administrative remedies within this system, a prisoner must submit his complaint on CDCR

16   form 602 (referred to as a "602") and proceed through several levels of appeal: (1) informal

17   level grievance filed directly with any correctional staff member, (2) first formal level appeal

18   filed with one of the institution's appeal coordinators, (3) second formal level appeal filed

19   with the institution head or designee, and (4) third formal level appeal filed with the CDCR

20   director or designee.  Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009);

21   Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

22   The exhaustion requirement in 42 U.S.C. §1997e(a) demands "proper" exhaustion.

23   Woodford v. Ngo, 548 U.S. 81, 84 (2006).  The filing of an untimely grievance or appeal is

24   not proper exhaustion.  Id. at 83-84.  A prisoner must complete the administrative review

25   process in accordance with the applicable procedural rules, including deadlines, as a

26   precondition to bringing suit in federal court.  Id.  In California state prisons, the deadline for

27   filing an administrative grievance is 15 working days from the date the administrative

28   decision or action being complained of is taken.  See 15 Cal. Code Regs. § 3084.6(c); Ngo v.

2

1  Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008).  However, the regulations explicitly create

2  an exception to the timely filing requirement if the inmate does not have the opportunity to

3  file his grievance during the 15-day filing period.  Marella v. Terhune, 568 F.3d 1024, 1027

4  (9th Cir. 2009).  The appeals coordinator is only permitted to reject an untimely appeal if

5  "[t]ime limits for submitting the appeal are exceeded *and* the appellant had the opportunity to

6  file within the prescribed time constraints."  Id. (quoting Cal. Code Regs. tit. 15,

7  §§ 3084.6(c) and 3084.3(c)(6) (emphasis added)).  Where the inmate has all the information

8  he needs in order to file a grievance, however, there is no delayed start of the 15-day filing

9  period.  Harvey v. Jordan, 605 F.3d 681, 684 (9th Cir. 2010).

10         Nonexhaustion under § 1997e(a) is an affirmative defense.  Jones v. Bock,

11  549 U.S. 199, 217-18 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

12  Defendants have the burden of raising and proving the absence of exhaustion.  Jones,

13  549 U.S. at 215-17.  A nonexhaustion claim should be raised in an unenumerated Rule 12(b)

14  motion.  Wyatt, 315 F.3d at 1119.  If the court concludes that the prisoner has not exhausted

15  nonjudicial remedies, the proper remedy is dismissal without prejudice.  Id. at 1120.

16  B.     Plaintiff's Use of Administrative Remedies

17         Plaintiff tried to pursue inmate appeals in 2005, 2007, and 2008.  On July 2, 2005,

18  Plaintiff filed a 602 appeal regarding sergeant Munoz's alleged excessive force on May 23,

19  2005.  See Opposition, unnumbered exhibits at letter dated 5/27/07.  On September 20, 2005,

20  his July 2, 2005 appeal was rejected as untimely.  See id.

21         On May 22, 2007, Plaintiff submitted another 602 appeal regarding the same

22  excessive force claim.  Id. at CDC-602.  Also on that date, Plaintiff sent a letter and a copy of

23  the 602 appeal to warden Adams.  Opposition, unnumbered exhibits at 5/22/07 letter to

24  Adams.  On May 24, 2007, the prison appeals coordinator responded to his May 22, 2007

25  first level appeal in a letter explaining that there had been too great a time lapse between

26  when the action occurred and Plaintiff's filing of the appeal.  Id.  Specifically, it explained

27  that Plaintiff had fifteen days from the time of the May 23, 2005 incident to file an appeal,

28  and that his July 2, 2005 602 appeal was filed after the 15-day deadline.  The letter also noted

that Plaintiff received this same letter on September 20, 2005 regarding the July 2, 2005 appeal that he submitted.  On May 26, 2007, Plaintiff sent another letter to warden Adams explaining the reasons that he did not file an appeal within fifteen days of the May 23, 2005 excessive force incident.  Opposition, unnumbered exhibits at 5/26/07 letter to Adams. Plaintiff explained that he was delayed in filing the 602 appeal because he was corresponding with his father to obtain advice, he had not received copies of unidentified documents from the prison's  "Ad-Seg paging system," and he waited until he received a rules violation report so he could submit all documentation with his appeal.  Id.

On January 6, 2008, Plaintiff sent a letter and his May 22, 2007 602 appeal to chief of inmate appeals Grannis.  Complaint, unnumbered exhibits at 1/6/08 letter to Grannis.  In that letter, Plaintiff explained that he filed his first 602 appeal in October 2005,[1] resubmitted the appeal in May 2007, and that his appeal was improperly rejected (although he did not explain why the rejection was improper).  Id.  On March 6, 2008, Grannis responded that Plaintiff's appeal did not comply with the appeal procedures established in title 15 of the California Code of Regulations, section 3084.3.[2]  Complaint, unnumbered exhibits at 3/6/2008 letter to Plaintiff.

C.      Analysis of Plaintiff's Exhaustion Efforts

Defendants argue that Plaintiff admits in his May 27, 2007 letter to warden Adams that he filed an untimely grievance because he was waiting to receive a rules violation report regarding the incident before filing the grievance.  Plaintiff contends that he exhausted his administrative remedies by filing a first-level 602 appeal, writing two letters to the warden, and writing one letter to appeals coordinator Grannis.  Opposition, p. 2.  However, Plaintiff's efforts did not amount to proper exhaustion because he did not comply with the time

---

[1]  The May 27, 2007 letter from the appeals coordinator explains that he actually filed his first 602 appeal on July 2, 2005.

[2]  Section 3084.3(c)(6) of title 15 of the California Code of Regulations states: "An appeal may be rejected [if] . . . [t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."

4

1    limitations.  Defendants submit the declarations of chief of inmate appeals branch D. Foston

2    and appeals coordinator T.L. Cano who declare that Plaintiff filed only one appeal regarding

3    this incident, and that was screened out as untimely under section 3084.3(c)(6).  The letters

4    that Plaintiff received from the appeals coordinator and the chief of inmate appeals also

5    indicate that Plaintiff filed only one appeal and that it was rejected as untimely.

6         The next issue is whether Plaintiff had the opportunity to file a timely appeal.  The

7    appeals coordinator is only permitted to reject an untimely appeal if "'[t]ime limits for

8    submitting the appeal are exceeded *and* the appellant had the opportunity to file within the

9    prescribed time constraints.'"  Marella, 568 F.3d at 1027 (9th Cir. 2009)(quoting Cal. Code

10   Regs. tit. 15, §§ 3084.6(c) and 3084.3(c)(6) (emphasis added)).  The appeals coordinator

11   properly rejected Plaintiff's appeal as untimely because Plaintiff exceeded the 15-day time

12   limit for submitting an appeal by filing his first appeal on July 2, 2005 for an incident that

13   occurred nearly one-and-a-half months prior on May 23, 2005.  Further, Plaintiff had the

14   opportunity to file his first appeal within the time constraints.  Unlike the plaintiff in Marella,

15   who was hospitalized and in ad-seg and could not obtain a grievance form, Plaintiff did not

16   have any circumstance that precluded him from filing his appeal within the allotted fifteen

17   days after the incident.  Plaintiff is much more similar to the plaintiff in Harvey, 605 F.3d at

18   684, who had the necessary information to file an appeal on the day force was used and had

19   nothing preventing him from filing an appeal that day.  Plaintiff had enough information to

20   file the appeal as soon as he knew on May 23, 2005 that the Defendants used excessive force

21   against him.  Plaintiff's argument that he needed to wait for the rules violation report to file

22   his appeal does not have merit because the rules violation report, while perhaps of interest,

23   was not necessary to support Plaintiff's claim that the Defendants subjected Plaintiff to

24   excessive force.  Plaintiff was not appealing the discipline that he received following the

25   incident.  His other reasons for waiting so long – a desire to discuss the matter with his father

26   and to obtain unidentified documents via the paging system – also did not deprive him of the

27   opportunity to timely file the inmate appeal.  The appeals coordinator was correct in

28   determining that Plaintiff exceeded the 15-day time limit to file an appeal and that Plaintiff

1   was given a meaningful opportunity to file an appeal within fifteen days of the alleged

2   excessive force.  Cf. Sapp v. Kimbrell, No. 05-15745, slip op. 16419, 16433-34 (9th Cir.

3   Sept. 27, 2010) (improper screening out of an appeal may excuse failure to exhaust).

4          A prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or

5   otherwise procedurally defective administrative grievance or appeal."  Woodford v. Ngo, 548

6   U.S. at 84.  A prisoner must complete the administrative review process in accordance with

7   the applicable procedural rules, including deadlines, as a precondition to bringing suit in

8   federal court.  See id. at 83-84.  Plaintiff did not complete the administrative review process.

9   He never received a director's level decision, as required for exhaustion of administrative

10  remedies by a California prisoner.  Defendants have carried their burden to prove that

11  Plaintiff did not satisfy the exhaustion requirement regarding his excessive force claim.

12  Accordingly, the action must be dismissed without prejudice.

## CONCLUSION

14         Defendants' motion to dismiss is GRANTED because Plaintiff failed to exhaust

15  administrative remedies before filing this action.  This action is dismissed without prejudice.

16         In light of the dismissal for nonexhaustion, the court DENIES as moot Plaintiff's

17  motions for appointment of counsel and to set another alternative dispute resolution

18  proceeding, and Defendants' motion for a deposition via videoconferencing.

19         **IT IS SO ORDERED.**

20  DATED: October 12 , 2010        _____

21                                 WILLIAM ALSUP
                                   UNITED STATES DISTRICT JUDGE